UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOYCE J. MAYS,

    Plaintiff,

  vs.

Michael J. Astrue[*]
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 1:08-cv-871

Judge Michael R. Barrett
Magistrate Judge Timothy S. Black

## REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS (Doc. 6) SHOULD BE DENIED

This civil action is before the Court on Defendant Commissioner of Social Security's motion to dismiss because Plaintiff's complaint was not filed within the time limitation set forth in 42 U.S.C. § 405(g) (Doc. 6) and the parties' responsive memoranda (Docs. 7, 8).

### I. STATEMENT OF THE CASE

Defendant has moved to dismiss this Social Security disability benefits appeal brought pursuant to 42 U.S.C. § 405(g) because the action was untimely filed. The Appeals Council's August 28, 2008 denial of Plaintiff's request for review of the Administrative Law Judge's ("ALJ") decision rendered the ALJ's decision denying benefits the "final decision" and giving rise to a right to judicial review if requested within 60 days of receipt of the Appeals Council's denial of review, or within such further time as the Commissioner may allow. *See* 42 U.S.C. § 405(g).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Here, Plaintiff presumptively would have received the Council's decision by September 2, 2008. Accordingly, in order to satisfy the 60 day time limit specified in 42 U.S.C. § 405(g), Plaintiff was required to seek judicial review by a civil action commenced no later than November 1, 2008. Plaintiff did not file a complaint until December 16, 2008.

On October 15, 2008, however, Plaintiff's counsel had been sent another notice from the Social Security Administration stating that the Council had received additional information about the case, and, under the rules, could reopen the application, but had found no reason under the rules to reopen and change the decision. (Doc. 7, Ex. A). The notice was signed by the Acting Administrative Appeals Judge. (*Id*.). It noted that the ALJ's decision was final.

Plaintiff maintains that the second notice issued by the Appeals Council was misleading, and that it was not unreasonable to assume that the 60 day appeal period would begin to run from the date of the second decision, resulting in a filing deadline of December 19, 2008 (including the five day mailing period).

## II. ANALYSIS

Congress establishes the procedures and conditions under which, and the courts in which, judicial review of administrative order may obtain. *Tacoma v. Taxpayers of Tacoma,* 357 U.S. 320, 336 (1958). Judicial review of final decisions on claims arising under Title II or Title XVI of the Social Security Act is provided for and limited by sections 205(g) and (h) of the Act. *See* 42 U.S.C. § 405(g) and (h).

The relevant provisions of section 205 read as follows:

(g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

(h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

It is clear from the above provisions that the only civil action permitted on any claim arising under Title II or Title XVI of the Social Security Act is an action to review the "final decision of the Commissioner made after a hearing" and that such action must be "commenced within sixty days after the mailing to [the party bringing the action] of notice of such decision or within such further time as the Commissioner may allow."

The Commissioner has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review of the presiding officer's decision or of the Appeals Council's decision. *See* regulations published December 9, 1976 in the Federal Register, 41 F.R. 53792, 20 C.F.R. § 422.210(c). *See also* 20 C.F.R. § 404.981. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c).

Thus, courts routinely hold that, under 42 U.S.C § 405(g), an action seeking judicial review must be instituted within 60 days of the date of the final determination. *See Hallett v. Sec'y of Health & Human Servs.,* 35 F.3d 565 (6th Cir. 1994) (concluding that the district court lacked jurisdiction to review the Secretary's decision because the complaint was not filed within 60 days from the date of the Secretary's final administrative action); *Charleston v. Sec'y of Health & Human Servs.,* 14 F.3d 600 (6th Cir. 1993) (holding that the district court lacked jurisdiction to review the Secretary's decision because plaintiff did not file a complaint within 60 days from the date of the Secretary's final administrative decision); *Whipp v. Weinberger,* 505 F.2d 800 (6th Cir. 1974) (same).

However, in *Bowen v. City of New York,* 476 U.S. 467 (1986), the Supreme Court affirming its earlier decisions declaring that the 60 day limit in § 405(g) is not jurisdictional, but a period of limitations. *Id.* at 474. Noting that Congress evinced a clear intention to allow tolling of the 60 day limit in some cases, the Supreme Court concluded that the application of traditional equitable tolling principles to § 405(g) was "consistent with the overall congressional purpose" behind the statute, and was "nowhere eschewed by Congress." *Id.* at 480.

Only in cases where equity favors extending the 60 day filing period should the courts extend the time allowed for commencing a civil action. *Bowen,* 476 U.S. at 480-81. In the absence of arguments alleging an erroneous calculation of the 60 day period, a

plaintiff must contend that a motion to dismiss should be denied because "equitable circumstances" exist to toll the limitations period. *Castle v. Chater*, 934 F.Supp. 847, 848 (E.D. Ky. 1996).

Thus, the *Bowen* Court determined that the 60 day period could be tolled by equitable considerations. *Bowen,* 476 U.S. at 480. Such circumstances, described by the Court in a footnote, could include illness, accident, destruction of records, mistake, or a claimant's misunderstanding of the appeals process. *Id.* at n. 12. However, the Sixth Circuit has not exhaustively defined what specific instances would be considered to justify tolling the limitations period under Section 205.

"[T]he usual preference [is] that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). *See also*, *Westfield Inc. Cos. v. Madar*, 218 B.R. 382, 384 (E.D. Mich. 1998) (there is a general preference in the Sixth Circuit to decide disputes on the merits rather than disposing of them on procedural or technical grounds); *Rupert v. Metro-North Commuter R.R. Co.*, No. 95-CIV-4283, 1996 U.S. Dist. LEXIS 11292, at *2 (S.D.N.Y. Aug. 7, 1996) ("Dismissal . . . would effectively extinguish [plaintiff's] ability to recover on what may be a meritorious claim. I therefore . . . decline to dismiss the case, for dismissal would be unduly harsh."). As the Sixth Circuit observed in *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003), in appropriate cases, the court may pass on the procedural default challenge and proceed to decide the case on the merits.

Accordingly, the undersigned finds that equitable circumstances exist in this case that justify extending the statute of limitations beyond sixty days.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant's motion to dismiss (Doc. 6) should be **DENIED**, and Defendant directed to file an answer and the administrative transcript within 21 days of the date of the Order.

DATE: February 3, 2010         s/ Timothy S. Black
                               Timothy S. Black
                               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOYCE J. MAYS,

      Plaintiff                                     Case No. 1:08-cv-871

  vs.                                           Judge Michael R. Barrett
                                                 Magistrate Judge Timothy S. Black

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).