# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOYCE MAYS,
    Plaintiff,

vs

COMMISSIONER OF SOCIAL SECURITY,
    Defendant.

Civil Action No. 1:08-cv-871
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff Joyce Mays' Application for Attorney Fees Under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. 28). Plaintiff and defendant Commissioner of Social Security (Commissioner) have filed a Joint Stipulation to Award EAJA Fees in response to plaintiff's application. (Doc. 29).

On December 10, 2010, the District Judge adopted the undersigned's Report and Recommendation and reversed and remanded this matter for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Docs. 24, 26). Plaintiff thereafter filed her fee application. She sought fees in the amount of $3,237.50[1] for 18.05 hours of work performed by her attorney before this Court at an hourly rate of $175.00, plus costs of $350.00. Plaintiff attached to her application a "Schedule of Services" showing the services rendered and the hours expended. (Doc. 28, Att. A). Plaintiff also requested in the application that the Court order that the award of fees and costs be made payable to her attorney as plaintiff's assignee. Plaintiff attached a signed statement asserting that she assigned all rights to attorney fees pursuant to the EAJA to her attorney for the time counsel expended representing plaintiff before the Federal court. (Doc. 28, Att. B).

---

[1] This figure is slightly inflated since 18.05 hours of work at $175.00 per hour totals $3,158.75.

The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). Title 28 U.S.C. § 2412(a)(1) provides for an award of costs to the prevailing party. A party who wins a remand under Sentence Four of § 405(g) is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 301-302 (1993).

The Supreme Court has clarified that any fees awarded to a prevailing party under the EAJA belong to the litigant, not the litigant's attorney. *See Astrue v. Ratliff*, __U.S.__, 130 S.Ct. 2521, 2524 (2010). Those fees are therefore subject to an offset to satisfy any pre-existing debt the litigant may owe to the United States. *Id.*

Plaintiff is the prevailing party in this civil action. *See Shalala*, 509 U.S. at 301-302. She therefore is entitled to an award of attorney fees and costs under the EAJA. The parties have stipulated to an award under 28 U.S.C. § 2412 of attorney fees in the amount of $2,000.00 and costs in the amount of $350.00 for a total award of $2,350.00. (Doc. 29). The stipulated amount of fees and costs is reasonable. Plaintiff is entitled to an award in that amount. As the parties acknowledge in the Joint Stipulation, any fees awarded by the Court under the EAJA pursuant to the stipulation belong to plaintiff, not her attorney. As the parties further acknowledge, the fee award is subject to an offset for any pre-existing debt plaintiff may owe the Federal government.[2] *See Astrue*, 130 S.Ct. at 2524.

---

[2] The Commissioner has stipulated that he will make the award payable to plaintiff's attorney pursuant to the EAJA assignment plaintiff signed (Doc. 28, Att. B) if both parties' counsel can verify following the Court's entry of a fee award that plaintiff owes no pre-existing debt to the government which can be offset against the award. The Court notes that if plaintiff owes no pre-existing debt to the government, then the total amount of the fee award belongs to plaintiff, but she is free to assign her interest in the award to her attorney.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's application for attorney fees under the EAJA be **GRANTED** (Doc. 28) subject to the terms of the parties' joint stipulation (Doc. 29), and that plaintiff be **AWARDED** $2,000.00 in fees and $350.00 in costs for a total award of $2,350.00.

Date: 3/14/2011

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOYCE MAYS,
    Plaintiff,

vs

COMMISSIONER OF SOCIAL
SECURITY,
    Defendant.

Civil Action No. 1:08-cv-871
Barrett, J.
Litkovitz, M.J.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).